NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY LICHTENSTEIN, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 10-6234 (SRC) |
| v. : | |
| : | OPINION |
| SELECT PORTFOLIO SERVICING, : | |
| : | |
| Defendant. : | |
| : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on motion for summary judgment by Plaintiff Jeffrey Lichtenstein ("Plaintiff") [docket entry 6] pursuant to Federal Rule of Civil Procedure 56(a). Defendant Select Portfolio Servicing ("SPS" or "Defendant") has opposed the motion, and in turn has filed a cross-motion for summary judgment [docket entry 11] based on the entire controversy doctrine and collateral estoppel. Plaintiff has opposed the cross-motion.

This Court has reviewed the papers filed by the parties in connection with the instant motions and, pursuant to Federal Rule of Civil Procedure 78, rules based on the papers submitted. The Court notes that Plaintiff's initial moving papers for summary judgment contained neither any evidentiary support nor any legal support for his motion. The Court further notes that in Plaintiff's one and a half page opposition to Defendant's cross-motion, he failed to discuss or deal with, in any way, the basis for Defendant's cross-motion, *to wit*, the entire

controversy doctrine or collateral estoppel.[1]  Instead, Plaintiff appears to simply reiterate his contention that SPS has never demonstrated that it was the authorized servicer on his mortgage, a matter which was clearly before the court in Plaintiff's prior state and bankruptcy proceedings. Therefore, Plaintiff has not only not demonstrated any basis for a grant of summary judgment, he has not effectively opposed Defendant's cross-motion for summary judgment.  As such, for the reasons discussed below, Plaintiff's motion for summary judgment will be denied, while SPS's cross-motion for summary judgment will be granted.

I.    **BACKGROUND**

On July 22, 2003, Plaintiff applied for a residential mortgage loan with Washington Mutual Bank.  The loan application provides that the lender and its assignees could obtain credit reports on Plaintiff and that "in the event [his] payments on the loan . . . become delinquent, the Lender, its agents, successors and assigns, may, in addition to all their other rights and remedies, report [his] account information to a credit reporting agency." (Weinberger Decl., Ex. 1.)  The loan closed on September 11, 2003 and Plaintiff signed the mortgage in both his individual capacity and as trustee of Kinda Trust.

Thereafter, on December 20, 2005, DLJ Mortgage Capital, Inc. ("DLJ"), as a subsidiary of Credit Suisse, purchased Plaintiff's loan from Washington Mutual Bank.  In January of 2006, SPS took over the servicing of Plaintiff's loan on behalf of DLJ and notified Plaintiff in writing

---

[1] While *pro se* litigants are indeed given deference and their documents "liberally construed," Plaintiff has demonstrated that he is both articulate and intelligent.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992).

of this change on January 10, 2006.  All subsequent notices regarding collection efforts and credit reporting were sent directly by SPS to Plaintiff.

Plaintiff failed to make the required monthly mortgage payments and on or about January 1, 2005, his loan went into default.  On March 9, 2005, a foreclosure action was filed against Plaintiff and the Kinda Trust and on May 2, 2006, the Superior Court of New Jersey, Morris County, Chancery Division ("Superior Court"), entered a final judgment of foreclosure against them.  Plaintiff proceeded to file multiple applications with the Superior Court, the Appellate Division of the Superior Court ("Appellate Division"), and the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), all in an effort to invalidate the foreclosure judgment and cancel the sheriff's sale of his property.  Plaintiff, acting *pro se*, now moves for summary judgment, contending that SPS violated the New Jersey and federal versions of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, as well as the New Jersey Consumer Fraud Act, since it was not authorized to service his mortgage and, therefore, had no authority to collect on it or furnish credit information about it.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of

the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine

4

issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

B.     Discussion

Plaintiff alleges that SPS violated federal and New Jersey laws when it made reports to various credit reporting agencies regarding Plaintiff's mortgage, since, according to Plaintiff, SPS was not its authorized servicer. The parties do not dispute the facts relating to these claims. Defendant simply contends that Plaintiff's claims are barred by the entire controversy doctrine and collateral estoppel and that they also fail as a matter of law.

The fundamental principle of New Jersey's entire controversy doctrine, codified in Rule 4:30A of the New Jersey Rules of Civil Procedure, is that "the adjudication of a legal controversy should occur in one litigation in only one court." *Joel v. Morrocco*, 147 N.J. 546, 548 (N.J. 1997). The doctrine serves three fundamental purposes: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *Ditrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). It is meant to constrain a plaintiff from "withhold[ing] part of a controversy for separate litigation even when the withheld

component is a separate and independently cognizable cause of action." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999). The doctrine "requires parties to a controversy before a court to assert all claims known to them that stem from the same transactional facts." *Joel v. Morrocco*, 147 N.J. 546, 548 (N.J. 1997). In *Ditrolio*, the New Jersey Supreme Court distilled the entire controversy analysis to this formulation: "The issue is, basically, whether a sufficient commonality of facts [rather than commonality of issues, parties or remedies] undergirds each set of claims to constitute essentially a single controversy that should be the subject of only one litigation." *Ditrolio*, 662 A.2d at 497.

Courts have explicitly held this doctrine applicable in the foreclosure context. *In re Mullarkey*, 536 F.3d 215, 228 (3d Cir. 2008). Federal courts in New Jersey have applied New Jersey's entire controversy doctrine to bar claims that were actually litigated or could have been litigated in previous state court actions. *Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927, 930 (3d Cir. 1991). In New Jersey, the doctrine is limited, in the foreclosure context, to those counterclaims deemed "germane" under New Jersey Rule 4:64-5. Courts have viewed several types of claims as germane to a New Jersey foreclosure action, including those challenging the circumstances surrounding origination of the loan, those challenging the validity of the loan itself, and those challenging the amount due on the mortgage. *Bank of New York v. Ukpe*, 2009 U.S. Dist. LEXIS 115557, at *7 (D.N.J. Dec. 9, 2009); *Assocs. Home Equity Servs., Inc. v. Troup*, 778 A.2d 529, 540 (N.J. Super. Ct. App. Div. 2001).

All the facts, arguments, and claims presented in the present case pertain to Plaintiff's contractual relationship with his creditor and loan servicer and their reciprocal legal responsibilities, Plaintiff's mortgaged premises, and the foreclosure sale of those premises — all

of which were at the core of the foreclosure action before the Superior Court.  Therefore, because the foreclosure suit was based upon Plaintiff's failure to make his monthly mortgage payments to SPS, he should have advanced his current claims challenging SPS's authority to service the loan as part of that foreclosure action.  Moreover, Plaintiff never raised an objection to SPS's authority in any of the five subsequent motions he made in the Superior Court challenging its foreclosure decision.  In multiple orders, the Superior Court expressly directed Plaintiff to make his interim loan payments to SPS as a precondition to keeping the temporary stay of the sheriff's sale in place while he tried to refinance his loan. (LiPuma Dec., Ex. 14, 15, 16, 17.)  Plaintiff, however, never objected to those orders.

In addition, the issue of SPS's authority was raised in two of Plaintiff's bankruptcy proceedings.  Specifically, in the 2008 case, Plaintiff actually conceded SPS's authority to service his mortgage in an attempt to stay the sheriff's sale. (LiPuma Dec., Ex. 30.)  Further, in the 2007 proceeding, the Bankruptcy Court ordered Plaintiff to make arrearage payments "to the Secured Creditor's servicer, SELECT PORTFOLIO SERVICING, INC.," ordered Plaintiff to make his regular mortgage payments "directly to the Secured Creditor's servicer, SELECT PORTFOLIO SERVICING, INC.," and awarded attorneys' fees to "the Secured Creditor, DLJ Mortgage Capital, Inc. and its servicer, SELECT PORTFOLIO SERVICING, INC."  (LiPuma Dec., Ex. 28.)  Plaintiff never disputed this order.  Therefore, to the extent Plaintiff elected not to contest SPS's authority when the issue arose in the foreclosure and bankruptcy proceedings, the entire controversy doctrine precludes him from doing so now. *Coleman v. Chase Home Finance*, No. 08-2215, 2009 U.S. Dist. LEXIS 105601, at *29 (D.N.J., Nov. 10, 2009) (granting motion to dismiss borrower's claims under entire controversy doctrine where claims could have been

litigated in prior foreclosure action); *Oliver v. American Home Mortgage Srvcs., Inc.*, No. 09-0001, 2009 U.S. Dist. LEXIS 108522, at *9-10, 15 (D.N.J., Nov. 19, 2009).

      Defendant also contends that Plaintiff's claims are barred by collateral estoppel. "[A] federal court . . . look[s] first to state preclusion law in determining the preclusive effects of a state court judgment." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985). Under New Jersey law:

> The doctrine of collateral estoppel operates to foreclose relitigation of an issue when the party asserting the bar . . . show[s] that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Hennessey v. Winslow Twp.*, 875 A.2d 240, 243 (2005) (citations omitted).

      As to the preclusion argument, Defendant points to Plaintiff's May 14, 2010 request to the Appellate Division for an emergency stay of the Superior Court foreclosure decision, arguing, among other things, that the trial judge "erred by ordering [Plaintiff] to send payments to a non-party SPS." (LiPuma Dec., Ex. 21.) The Appellate Division rejected Plaintiff's application, finding that he "failed to demonstrate any possibility of success on appeal." (LiPuma Dec., Ex. 22.) Defendant has offered evidence establishing all five elements. Plaintiff has made no opposition nor any demonstration that the proceeding before the Appellate Division did not afford him a full and fair opportunity to litigate his claim.

      Finally, the technical requirements of the entire controversy doctrine and collateral estoppel aside, Plaintiff has given this Court no reason to think that justice or fairness requires that he now be allowed to litigate this issue. Plaintiff has not even suggested a specific way in

which any previous proceeding was unfair to him, or that some essential characteristic of a just resolution to a dispute was absent.  Rather, it appears that Plaintiff here seeks a second bite at the apple.  Our system of justice does not ordinarily accord such opportunities.

This Court concludes that the requirements for the entire controversy doctrine and collateral estoppel have been met, and that Plaintiff is precluded from relitigating the issue of whether SPS was authorized to service his loan.  Because he cannot relitigate the issue, his claims that SPS violated federal and New Jersey laws cannot succeed as a matter of law. Therefore, Plaintiff's motion for summary judgment will be denied and Defendant's cross-motion granted.

III.   CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion.  An appropriate form of Order will be filed.

        s/Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

DATED: April 25, 2011